[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 27, 2009
THOMAS K. KAHN
CLERK

No. 08-15955
Non-Argument Calendar
_____

D. C. Docket Nos. 08-20250-CV-FAM,
04-20077-CR-FAM

LIGNE ADEMIR ROMERO-SALGADO,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 27, 2009)

Before TJOFLAT, BLACK and KRAVITCH, Circuit Judges.

PER CURIAM:

On February 3, 2004, a Southern District of Florida grand jury returned a multi-count indictment against petitioner and several co-conspirators for various narcotics related offenses. Petitioner pled guilty pursuant to a plea agreement to conspiring to import and possess with intent to distribute more than one kilogram of heroin and was sentenced to prison for a term of 108 months. On January 1, 2008, he moved the district court pursuant to 28 U.S.C. § 2255 to vacate his sentence. He claimed that the Government had breached the plea agreement by not filing a substantial assistance motion pursuant to U.S.C. G. § 5K1.1, and that his attorney had rendered ineffective assistance in failing to bring the breach to the district court's attention. He also claimed that district court erred in failing to grant a downward departure from the Guidelines sentence range and to take into account his preindictment imprisonment in Colombia under abusive conditions. The district court denied his motion, and he appealed.

We granted a certificate of appealability on one issue:

whether the district court failed to comply with our holding in Clisby v. Jones, 960 F.2d 925, 936 (11th Cir. 1992) (en banc), by failing to address petitioner's claim that the Government breached his plea agreement by failing to file a substantial assistance motion.

In Clisby, we expressed "deep concern over the piecemeal litigation of federal habeas petitions" and used our supervisory authority to instruct district courts to resolve all claims for relief raised in petitions for habeas corpus, regardless

of whether such claims would ultimately be granted or denied. Clisby, 960 F.2d 935-36. If a district court fails to address all of the claims in a habeas petition, we "will vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims . . . ." Id. at 938.

Here, the district court addressed all of the claims in petitioner's § 2255 motion. The record reflects that petitioner raised the breach-of-the-plea-agreement claim as a component of his ineffective-assistance-of-counsel claim. The court addressed the breach in the context in which it was presented, and found no breach of the agreement. The court found that the Government had retained the discretion whether to file a § 5K1.1 motion for downward departure, and that it was acting appropriately within such discretion when it declined to a file a motion. Thus, we reject the notion that the court's failure to segregate the breach issue from the ineffective assistance issue contravened Clisby's teaching.

AFFIRMED.